


FILED

May 19 2020, 12:53 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 20S-CR-315

## Thomas K. Jackson,
*Appellant-Defendant,*

—v—

## State of Indiana,
*Appellee-Plaintiff.*

Decided: May 19, 2020

Appeal from the LaPorte Superior Court, No. 46D01-1704-F3-367
The Honorable Michael S. Bergerson, Judge

On Petition to Transfer from the Indiana Court of Appeals,
No. 19A-CR-796

**Per Curiam Opinion**

Chief Justice Rush and Justice David, Justice Massa, and Justice Goff concur.
Justice Slaughter dissents, believing transfer should be denied.

**Per curiam.**

Thomas K. Jackson admitted to having sexual intercourse with K.S. on three occasions when she was between 21 and 23 years old, but insisted the sex was consensual. The issues at trial were whether K.S., who is "moderately intellectually handicap[ped]," could, and did, legally consent to sex with Jackson.

After the first trial on these charges ended in a mistrial when the jury could not reach a unanimous verdict, in December 2018 a second jury convicted Jackson of three counts of Level 3 felony rape.[1] During the sentencing hearing, the prosecutor acknowledged that Jackson, then 52 years old, had led a law-abiding life and recommended that the court impose the advisory sentence of nine years for each of the three counts. The prosecutor also did not object to a split sentence with part of that time served on probation. The trial court instead sentenced Jackson to enhanced consecutive sentences of 12 years on each count, for an executed sentence of 36 years. Jackson's earliest possible release date is December 3, 2045, when he will be 79 years old.

In a divided decision, the Court of Appeals affirmed Jackson's convictions and sentence. *Jackson v. State*, No. 19A-CR-796, 2019 WL 7342368 (Ind. Ct. App. 2019). Judge Brown dissented as to the sentence, writing that an enhanced prison term for a low-risk offender with no criminal history such as Jackson "does not reflect the goals of reformation or rehabilitation." *Id.* at *10.

Jackson petitioned for transfer, which we now grant, vacating the Court of Appeals decision. Ind. Appellate Rule 58(A). Jackson challenged his convictions in the Court of Appeals, but on transfer argues only that imposing consecutive 12-year sentences was excessive absent more substantial aggravating factors.

---

[1] Jackson was acquitted of one count of Level 3 felony rape of K.S. at his first trial, though this acquittal was not included in the evidence presented at the second trial.

The Indiana Constitution authorizes independent appellate review and revision of a trial court's sentencing decision. *See* IND. CONST. art. 7, §§ 4, 6; *McCain v. State*, 88 N.E.3d 1066, 1067 (Ind. 2018). That authority is implemented through Indiana Appellate Rule 7(B), which permits this Court to revise a sentence if, after due consideration of the trial court's decision, the sentence is found to be inappropriate in light of the nature of the offense and the character of the offender. Rule 7(B) "places central focus on the role of the trial judge, while reserving for the appellate court the chance to review the matter in a climate more distant from local clamor." *Serino v. State*, 798 N.E.2d 852, 856-57 (Ind. 2003). "Ultimately, our constitutional authority to review and revise sentences boils down to our collective sense of what is appropriate." *Taylor v. State*, 86 N.E.3d 157, 165 (Ind. 2017) (cleaned up), *reh'g denied*.

During the sentencing hearing, the prosecutor and trial court identified two mitigating factors: Jackson's lack of criminal history and his low risk to reoffend as identified in the Presentence Investigation Report. Aggravators included Jackson's violation of a position of trust and his lack of remorse—though the trial court conceded that the latter was "consistent with [Jackson's] claim of a consensual relationship." Sentencing Order at 3. The prosecutor recommended that Jackson receive the advisory sentence for each charge, for a total of 27 years.

Whether a sentence should be deemed inappropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). Pursuant to our authority under Appellate Rule 7(B), we find that exceeding the 27-year sentence the prosecutor recommended, absent more significant aggravating factors, is inappropriate under the circumstances of this case.

Accordingly, we revise Jackson's sentence to 27 years, with seven of those years suspended to probation. We summarily affirm the remainder of the Court of Appeals opinion, Ind. Appellate R. 58(A)(2), and remand to the trial court to issue a revised sentencing order consistent with this opinion.

Rush, C.J., and David, Massa, and Goff, JJ., concur.

Slaughter, J., dissents, believing transfer should be denied.

ATTORNEY FOR APPELLANT

Elizabeth A. Flynn

Braje, Nelson & Janes, LLP

Michigan City, Indiana

ATTORNEY FOR APPELLEE

Josiah J. Swinney

Deputy Attorney General

Indianapolis, Indiana